## HUBBARD JOSLYN v. GILBERT EASTMAN.

### *Practice. Principal and Surety.*

There was evidence tending to show that L. was principal upon a note, and had deposited money which had been tendered, to pay the same, and had agreed to indemnify the defendant against the costs and expenses of a suit thereon. There was also evidence tending to show that H., another signer, was principal, and the defendant and L. sureties. The plaintiff requested the court to charge that, the defendant being indemnified, L. was principal and the defendant surety; and the refusal to so charge was *held* no error.

When a debtor tenders payment of a debt for which a surety is obligated, and the creditor declines to receive it, he thereby discharges the surety.

ASSUMPSIT upon a promissory note, dated April 11, 1862, signed by A. W. Locke, and the defendant and Harry H. Hall, and payable to the plaintiff. The writ was dated April 1, 1868, and served April 10, 1868. Plea, the general isssue, and notice. Trial by jury, September term, 1871, Orleans county, REDFIELD, J., presiding.

The plaintiff testified that the loan for which the note was given, was negotiated by said Hall, since deceased, for said Locke, and claimed that Locke was principal, and Hall and the defendant sureties on the note. The plaintiff presented the note to the commissioners on said Hall's estate for allowance, and it was allowed by them in favor of the plaintiff, at $236.30, and their report was duly returned to the probate court and accepted, and no appeal taken therefrom; and it appeared that said estate had been fully settled. The defendant's evidence tended to show, that on the 9th of April, 1868, and after the allowance of said note by the commissioners, and after the time allowed by law for appealing from their report had elapsed, N. T. Sheafe, on behalf of Henry B Bates, administrator of said Hall's estate, tendered $255 to the plaintiff, in payment of said sum of $236.30, allowed as aforesaid, which the plaintiff refused to receive; whereupon Sheafe notified the plaintiff, that he would deposit the money so tendered, with Mr. Nelson, his clerk, at Derby Line village, which he immediately did. The defendant's evidence further tendered to show, that on the 13th of said April, the said Bates, administrator as aforesaid, took the same money that Sheafe had tendered, and tendered it to the plaintiff in payment of said allowance, and that the plaintiff refused to receive it, whereupon the said Bates notified him that he should keep the money for him. The money tendered was never paid into court. The plaintiff objected to the evidence showing a tender, generally, and because a tender was not sufficiently pleaded; but the court admitted the same; to which the plaintiff excepted. As the point as to whether a tender was sufficiently pleaded, is not noticed in the opinion, it is not deemed necessary to state the pleadings in reference thereto.

The defendant also introduced evidence tending to show that said Hall was the real principal on said note; and the reporter's minutes of testimony were made part of the exceptions; but it is not necessary to state the testimony. The defendant testified that Locke had deposited the amount of said tender, to indemnify him in the premises, and had agreed to indemnify him for all costs and expenses of this suit, and that he did not expect to lose anything by the event of the suit. The plaintiff requested the court to charge the jury that, as Locke had indemnified the defendant, Locke was the real principal on the note, and Hall and the defendant co sureties. The court refused to charge as requested, and submitted the question to the jury; to which the plaintiff excepted. The jury returned a special verdict, and found that Hall was principal, and the defendant surety, on the note; and that the plaintiff knew at the time the note was given, that the defendant was the mere surety of Hall, and that the tender made by Sheafe, was more than sufficient to pay said allowance, with interest and costs; but that the tender made by Bates, was not sufficient. Judgment for the defendant on the special verdict; to which the plaintiff excepted.

*John Young*, for the plaintiff.

A judgment on a joint and several note against one signer, until satisfied, is no bar to an action against either of the other signers. *Parmelee* v. *Woodbridge*, Brayt. 132; *Sawyer* v. *White et ux.* 19 Vt. 40; *Simonds* v. *Center*, 6 Mass. 18; *Porter* v. *Ingraham*, 10 Mass. 88. Therefore, the proceedings in the probate court are no bar to this action, for it is not claimed that any payment of said judgment has been made.

The pretended tenders are no bar to this suit. By a tender is meant, not merely that the debtor was once willing and ready to pay, but that he always has been and still is. 2 Parsons Cont. 157; *Griffin* v. *Tyson*, 17 Vt. 35. It does not appear in this case that the money offered was kept, or that the defendant or any other person, was always, or ever, after April 13th, 1868, either ready or willing to pay the plaintiff said sum of $255, or any other sum. A tender, by the common law, must be specially

pleaded, and the money tendered must be brought into court. 1 Chit. Pl. 478–9 ; 1 Swift Dig. 290–1–2 ; *Griffin* v. *Tyson, supra; Carley* v. *Vance,* 17 Mass. 392. Tender and refusal does not bar the debt, but only the damages. *Curtiss* v. *Greenbanks,* 24 Vt. 536. Our statute provides for a tender after suit is commenced, and allows the defendant to prove his tender under the general issue ; " and on proof thereof, and payment of the money tendered into court, he shall recover his costs." This statute does not help the defendant, for the jury have found that the amount tendered after this suit was commenced, April 13th, 1868, was not sufficient to pay the debt and the costs then made ; and the money tendered was never paid into court. It was also error in the court below, to admit any evidence to prove a tender on either day claimed, before the money tendered was paid into court.

The court erred in refusing to charge as requested. There was no testimony tending to show that Hall was the principal.

*A. D. Bates,* for the defendant.

It is a well settled rule of law, that any act of the creditor by which he is prevented from pursuing the principal, for ever so short a time, releases the surety. *McCollum* v. *Hinckley et al.* 9 Vt. 143. Also, that any act discharging the principal, discharges the surety. *Gibson* v. *Rix,* 32 Vt. 824. An agreement of the holder of a note, with the principal, without the consent of the surety, for a good and valid consideration, to extend the time of payment of a note not due, or overdue, discharges the surety. *Austin* v. *Darwin,* 21 Vt. 38 ; *Turrill* v. *Boynton et al.* 23 Vt. 142; *Bank of St. Albans* v. *Smith,* 30 Vt. 149 ; *People's Bank* v. *Pearsons et al.* 30 Vt. 711 ; *Dunham et al.* v. *Downer et al.* 31 Vt. 249 ; 10 N. H. 318.

In this case, an offer to pay and a tender of the full amount due on the allowance, were made by Sheafe as agent for the administrator of Hall, the principal, on the 9th of April, 1868. The allowance was binding as an adjudication upon the parties. The money tendered has always been ready for the plaintiff. There was no issue between the parties as to whether or not the defendant had kept the money ready for the plaintiff after taking it into

his possession. Such inferences and deductions are presumed to have been made as are sufficient to uphold the decision of the court below. *Smith* v. *Day*, 23 Vt. 657. It being shown that the money was tendered the plaintiff, and he notified that the administrator would keep it for him, the logical inference is, until the contrary appears, as it was a fact continuous in its nature,—that he continued ready to pay it over to him when called for. Error must appear affirmatively. *Barber* v. *Britton et al.* 26 Vt. 112. Every proper intendment will be made in favor of the correctness of a judgment of the county court. *Oaks* v. *Oaks*, 27 Vt. 410 ; *Cram* v. *Cram*, 33 Vt. 15. When money is tendered and refused, the person tendering may use it; all he is under obligation to do, is to be ready to pay on request. *Curtiss* v. *Greenbanks*, 24 Vt. 536. By refusing this tender, the plaintiff has put it out of his power up to this moment, to proceed against the administrator of Hall on his bond, or in any other way. To do so for ever so short a time, would release the defendant. It may be said on the part of the plaintiff, that by a tender of the amount due on a note, the right of action of the holder is merely suspended, not extinguished, as against the principal. So, too, a contract for an extension of time of payment without the consent of the surety, simply suspends, but does not extinguish the right of action as against the principal. It is difficult to conceive how it can be any more a fraud upon the surety, for the payee to extend his liability by a contract, than it is to do so by a willful refusal of payment. A creditor having security, by allowing it to go out of his hands, discharges the surety to the amount thereof. *Hurd* v. *Spencer*, 40 Vt. 581 ; *Commonwealth* v. *Miller*, 8 S. & R. 452. It is claimed on the part of the defendant, that the refusal of payment by the holder, when offered the money by the principal, is likewise a positive and practical fraud upon the surety, and equally discharges him from all liability. Story Prom. Notes, § 414, and notes.

We insist that no error appears as to the matter of indemnity. The request of the plaintiff was, in substance, that the court would hold as matter of fact, from what had appeared in evidence, that the defendant was indemnified, and instruct the

jury that the defendant and Hall were co-sureties. In any view of the case, this was not sound law, and the court was not bound to regard it. It is claimed that the principle applies here, that when a surety has been once discharged, he cannot again be made liable as surety thereon, without his consent. *Gibson* v. *Rix*, *supra*. If Locke was not bound to indemnify the defendant, it was a *nudum pactum*; if he was, his promise to do what he was legally bound to do, would not affect the rights or standing of any of the parties. As matter of law, the principal is bound to pay the surety's costs and expenses. *Downer* v. *Baxter*, 30 Vt. 467. If the money to pay the tender was deposited with some other person than the defendant, and if Locke had promised to indemnify the defendant as stated, these facts had not the least tendency to establish the fact that he had been indemnified. *Clark* v. *Boardman*, 42 Vt. 667. If there was error in the ruling of the court upon this point, the plaintiff was not prejudiced by it, and judgment should not be reversed. *Fitzsimmons* v. *Southwick*, 38 Vt. 509.

The opinion of the court was delivered by

ROYCE, J. The only exception that appears to have been taken on the trial, was to the refusal of the court to charge that Locke was the principal in the note declared on, and that the defendant and Hall were co-sureties. It will be seen by reference to the testimony, that it not only tended to show that Hall was the principal, but it was sufficient in amount, in the judgment of the jury, to justify them in finding the fact. So that it would have been error for the court to have complied with this request. The disputed questions of fact necessary to a determination of the legal rights of the parties, have been settled by the special verdict. In accordance with that verdict, Hall is to be regarded as the principal, and the defendant as his surety, and the plaintiff is chargeable with knowledge of this relation at the time the note was given. And the amount due upon the note at the time of its allowance by the commissioners on Hall's estate, is conclusively settled by the acceptance of their report by the probate court. The important question is, whether the defendant can

avail himself of the benefit of the tender which the jury have found was made to the plaintiff. The obligation of the surety being accessory to that of the principal, the surety could not be called upon as long as the principal had done all that could be legally required of him in the performance of the contract. The tender which the jury have found was made, was legally sufficient, and would have been available as a defence in any suit the plaintiff might have instituted seeking a recovery out of the estate of Hall, and we think it is equally available to the defendant. When a debtor tenders payment of the debt for which the surety is obligated, and the creditor declines to receive it, he thereby discharges the surety. The judgment of the county court is affirmed.